UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-cv-20285-ALTMAN/REID

HOWARD MICHAEL CAPLAN,

    Plaintiff,

v.

C4S LLC, *et al.*,

    Defendant.

_____/

## REPORT OF MAGISTRATE JUDGE

This cause is before the Court on Plaintiff, Howard Michael Caplan's, Motion for Bill of Costs [ECF No. 46] against Defendants Auto Direct of South Broward LLC and Koie's Group Corporation. Defendants have failed to file a response, and the time to do so has passed. The Motion was referred to the Undersigned for a Report and Recommendation [ECF No. 47]. As addressed below, it is **RECOMMENDED** that the Motion be **GRANTED IN PART AND DENIED IN PART**, and Plaintiff be awarded $642.75 in taxable costs.

## BACKGROUND

Plaintiff Howard Michael Caplan filed an amended complaint Defendants Auto Direct of South Broward LLC and Koie's Group Corporation for violations of Title III of the Americans with Disabilities Act of 1990 ("ADA") [ECF No. 18]. Plaintiff voluntarily dismissed a third defendant named in the initial complaint, C4S LLC, and District Judge Roy K. Altman entered an order dismissing C4S LLC [ECF No. 17, 24].

Specifically, Plaintiff, who suffers from a "qualified disability" under the ADA, first claimed that Defendants Auto Direct of South Broward LLC and Koie's Group Corporation (the

1

"Defendants") "fail[ed] to make reasonable modifications in policies, practices, or procedures pursuant to 42 U.S.C. §12182(b)(2)(A)(ii)." [*Id.* at 2, 4]. Secondly, Plaintiff stated that Defendants "fail[ed] to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(A)(iv)." [*Id.*].

On September 23, 2022, Plaintiff filed a Motion for Entry of Clerk's Default [ECF No. 36], which the Deputy Clerk entered the same day. [ECF No. 37]. Judge Altman ordered final judgment following Plaintiff's Motion for Final Judgment on December 6, 2022. [ECF No. 41]; [ECF No. 42]. Shortly thereafter, Plaintiff filed a Motion for Bill of Costs, in which he seeks costs for the following: (1) $402.00 for fees of the clerk; (2) $163.00 process server fees; (3) $77.75 for printing costs; (4) $138.10 for other costs; and (5) interest pursuant to 28 U.S.C. § 1961. [ECF No. 158 at 3–6]. As Defendants filed no response, the Motion is unopposed.

## DISCUSSION

Plaintiff seeks $780.85 in taxable costs under Federal Rule of Civil Procedure 54(d)(1). [ECF No. 46 at 6]. The taxable costs Plaintiff seeks are those permitted under 28 U.S.C. § 1920. Plaintiff's Motion, as well as his Bill of Costs, comply with the statutory requirements, Federal Rules of Civil Procedure, and the Local Rules for this District. Therefore, as discussed more fully below, Plaintiff is entitled to taxable costs, and the Motion should be granted in part.

Rule 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Generally, under Rule 54(d), the prevailing party is the one who receives a favorable judgment. *Ware v. Pine State Mortgage Corp.*, 754 F. App'x 831, 832 (11th Cir. 2018) (citing *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995)). The taxable costs a prevailing party may collect are those specified in 28 U.S.C. § 1920. *Id.* Rule 54(d), therefore, "creates a strong presumption that the prevailing party will be awarded costs provided those costs do not exceed

those permitted by 28 U.S.C. § 1920." *Henderson v. Franklin*, 782 F. App'x 866, 874 (11th Cir. 2019) (internal quotation marks and citation omitted). Section 1920 provides that a Court of the United States may tax as costs the following:

(1) "fees of the clerk and marshal";

(2) "fees for printed or electronically recorded transcripts necessarily obtained for use in the case";

(3) fees related to "printing and witnesses";

(4) fees for "exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case";

(5) "docket fees"; and

(6) "compensation of court appointed experts" and fees related to interpretation services.

28 U.S.C. § 1920(1)–(6).

The party requesting costs bears the burden of submitting a request which allows the court to make an informed decision regarding the appropriateness of the costs sought. *Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994). Additionally, Local Rule 7.3(c) requires the movant to file a Bill of Costs that provides the taxable costs the party seeks under 28 U.S.C. § 1920. S.D. Fla. L.R. 7.3(c).

### I.     Plaintiff is the Prevailing Party

Rule 54(d) creates a presumption in favor of awarding costs to the prevailing party. *See Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991). "A prevailing party analysis requires a determination of whether a court-ordered material alteration of the legal relationship between the parties has occurred." *Sream, Inc. v. HHM Enter. Partners, Inc.*, No. 16-62641-CIV, 2017 WL 3007534, at *2 (S.D. Fla. July 14, 2017). A prevailing party is "one who has succeeded on any significant claim affording it some of the relief sought." *Texas State*

*Teachers Association v. Garland Independent School District*, 489 U.S. 782, 791 (1989). A prevailing party, however, "need not prevail on all issues to justify a full award of costs … [a] party who has obtained some relief usually will be regarded as the prevailing party even though he has not sustained all his claims." *Lipscher v. LRP Publications, Inc.*, 266 F.3d 1305, 1321 (11th Cir. 2001) (citing *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995)).

Here, Plaintiff is the prevailing party because his Motion for Final Default Judgment was granted. *See* [ECF No. 41]. With the Court granting Plaintiff's Motion for Final Default Judgment, Plaintiff obtained the relief he sought: Entry of Final Judgment. As such, under Rule 54(d) there is a presumption Plaintiff is entitled to taxable costs.

## II.  Clerk Fees

Plaintiff asks this Court to recover $402.00 in fees to the clerk which "represents the fees paid for filing the instant action." [ECF No. 46 at 3]. Section 1920(1) permits recovery of "fees of the clerk…." *See Thompson v. Smith*, 805 F. App'x 893, 910 n.6 (11th Cir. 2020). Accordingly, as clerk fees are acceptable taxable costs under Section 1920(1), and Defendant has failed to raise any objections to Plaintiff's Motion, Plaintiff should be awarded $402.04 in taxable costs based on the cost of the filing fee paid in initiating this lawsuit.

## III.  Process Server Fees

Plaintiff seeks $163.00 to "recover fees paid to the process server." [ECF No. 46 at 3]. This sum includes "$40.00 for Defendant Koie's Group Corporation…, $80.00 for multiple attempts to serve [C4S]… and $43.00 for Defendant Auto Direct of South Broward LLC." [*Id.*].

Section 1920(1) permits taxation of costs for "fees of the clerk and marshal." 28 U.S.C. § 1920(1). Although the statutory language does not expressly provide for recovery of fees for private party process servers, the Eleventh Circuit has recognized that "[s]ince the enactment of

4

section 1920(1), the method of serving civil summonses and subpoenas has changed. The U.S. Marshal no longer has that responsibility in most cases, but rather a private party must be employed as process server." *EEOC v. W & O, Inc.*, 213 F.3d 600, 623 (11th Cir. 2000) (quotation and internal citations omitted). As such, "private process server fees may be taxed pursuant to §§ 1920(1) and 1921 … [as long as] taxing private process server fees … do not exceed the statutory fees authorized in § 1921." *Id.* at 624. The current Marshal's fee is $65 per hour (or portion thereof). 28 C.F.R. § 0.114(a)(3).

Although one of three invoices made in connection with Plaintiff's incidents of service exceeds $65.00 per hour, the invoice was for two different delivery attempts after the process server could not properly serve C4S. *See* [ECF No. 46 at 3–4]; [ECF No. 46-3 at 3]. Plaintiff, having explained the discrepancy, and this Court finding no issue with the amount sought and those permitted by statute, should be permitted to recover $163.00 as taxable costs.

## IV.     Printing Fees

Plaintiff next asks for a total of $77.75 to reimburse the "printing costs incurred by Plaintiff for printing in connection with this action, including printing for Plaintiff's file, and printing for mailings to Defendants." [ECF No. 46 at 4]. Plaintiff then provided this Court an "itemized breakdown of the printing costs," which started from January 17, 2022, and ended on December 7, 2022. [*Id.*].

Section 1920(3) allows a judge to tax as costs "fees and disbursement for printing…." 28 U.S.C. § 1920(3). Seeing that Plaintiff has provided proper accounting of all the printing costs, the Undersigned has no qualms permitting him to recover the $77.75 needed for printing.

## V.      Other Costs

Plaintiff asks this court to allow him to recover $138.10 for "other costs." [ECF No. 46 at 5]. Plaintiff has included an itemized list of what these costs entail, which include mainly postage

and PACER research fees from November 19, 2021, to January 3, 2023 (there are three different costs relating to PACER research that total $1.00), and $100 in courier fees.

"Other costs require that a party show that they were 'necessarily obtained for use in the case.'" *Johnston v. Borders*, 36 F.4th 1254, 1288 n.65 (11th Cir. 2022) (quoting *Loughan v. Firestone Tire & Rubber Co.*, 749 F.2d 1519, 1526 n.2 (11th Cir. 1985)). *See also Wade v. Miss. Coop. Extension Serv.*, 64 F.R.D. 102, 107 (N.D. Miss. 1974) ("[t]he power to tax the prevailing party's deposition costs, like other costs generally, is within the sound discretion of the trial court; and, such costs will normally be allowed where … reasonably necessary for use in the case.").

In this District postage fees generally constitute "ordinary business expenses" which are not recoverable as taxable costs under § 1920. *Rodriguez v. M.I. Quality Lawn Maint., Inc.*, No. 10-CV-21031, 2012 WL 664275, at *5 (S.D. Fla. Feb. 9, 2012). *See also Davenport v. Sch. Bd. of Hillsborough Cnty., Fla.*, No. 8:05-CV-1992-T-26MSS, 2006 WL 8440172, at *5 (M.D. Fla. Nov. 17, 2006) ("there is no provision for postal, facsimile, or courier costs and such expenses have been deemed law firm overhead") (citing *Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996); *Matamoros*, 2022 WL 484828, at *4 ("[f]aced with this split in authority, the undersigned has previously concluded that such fees are not taxable under § 1920, as these expenses are incurred for the convenience of counsel and constitute ordinary business expenses."). Courts in this district have routinely held that "PACER fees are not taxable under § 1920. *Lebron v. Royal Caribbean Cruises, Ltd.*, No. 1:16-cv-24687-KMW, 2021 WL 3007191, at *7 (S.D. Fla. June 28, 2021) (listing cases). As a result, Plaintiff may not recover postage and PACER fees listed as "other costs" on pages 5 and 6 of his Motion.

Likewise, courier fees are generally not recoverable under § 1920. *Barrera v. Wiess & Woolrich Southern*, 900 F. Supp. 2d 1328, 1335 (S.D. Fla. 2012) (courier fees for acquiring a

6

deposition transcript and other ancillary costs related to depositions are not recoverable); *Eggleston v. Bradshaw*, No. 02-80555-CIV, 2007 WL 1760912 at *4 (S.D. Fla. June 18, 2007) (delivery and shipping fees are denied as being convenience fees for counsel).

**Request For Interest**

Finally, Plaintiff requests that this Court permit it to recover interest on any cost award. The Eleventh Circuit has provided "when a district court taxes costs against a losing party, the award of costs bears interest from the date of the original judgment." *Georgia Ass'n of Retarded Citizens v. McDaniel*, 855 F.2d 794, 799 (11th Cir. 1988). The "post-judgment interest rate is determined by the 'weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment.'" *Soto v. Miami-Dade County*, No. 14-cv-21307, 2019 WL 5212389, at *10 (S.D. Fla. Aug. 21, 2019), *report and recommendation adopted*, 2019 WL 5215391 (S.D. Fla. Sept. 5, 2019) (citing 28 U.S.C. § 1961(a)).

Given that Plaintiff is the prevailing party in this action, he is statutorily entitled to post-judgment interest at the permitted rate. According to the Board of Governors of the Federal Reserve System, the interest rate applicable for the calendar week ending December 2, 2022, the week before the date of judgment, is 3.91%. This rate of interest should be applied to the award of costs, effective as of December 7, 2022, the date of Final Judgment for Plaintiff. [ECF No. 41].

## CONCLUSION

For the foregoing reasons it is **RECOMMENDED** that Plaintiff's Motion to Tax Costs [ECF No. 46] be **GRANTED IN PART AND DENIED IN PART**, and Plaintiff be awarded $642.75 in taxable costs, which constitutes $402.00 for clerk fees, $163 for service of process, and

$77.75 for printing costs. Plaintiff should also be awarded post-judgment interest of 3.91% accruing December 7, 2022, the date of Final Judgment.

Objections to this Report may be filed with the district judge within fourteen days of receipt of a copy of the Report. Failure to timely file objections will bar a *de novo* determination by the district judge of anything in this Report and shall constitute a waiver of a party's "right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

**SIGNED** this 4th day of April, 2023.

>              _____
>              LISETTE M. REID
>              UNITED STATES MAGISTRATE JUDGE

cc:    **U.S. District Judge Roy K. Altman**; **and**

   **All Counsel of Record via CM/ECF**