UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-cv-20285-ALTMAN/Reid

**HOWARD MICHAEL CAPLAN**,

    *Plaintiff*,

v.

**C4S LLC**, *et al.*,

    *Defendants.*

_____/

# ORDER

On January 5, 2023, the Plaintiff filed a Motion for Bill of Costs (the "Motion") [ECF No. 46]. The Court referred that Motion to United States Magistrate Judge Lisette M. Reid. *See* Order of Referral [ECF No. 47]. Magistrate Judge Reid issued a Report and Recommendation (the "R&R") [ECF No. 48], in which she recommended that we grant in part and deny in part the Plaintiff's Motion. *Id.* at 7. Magistrate Judge Reid also warned the parties as follows:

> Objections to this Report may be filed with the district judge within fourteen days of receipt of a copy of the Report. Failure to timely file objections will bar a *de novo* determination by the district judge of anything in this Report and shall constitute a waiver of a party's "right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; see also *Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

*Id.* at 8. More than fourteen days have passed, and neither side has objected.

When a magistrate judge's "disposition" has been properly objected to, district courts must review that disposition *de novo*. FED. R. CIV. P. 72(b)(3). But, when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress's intent was to require *de novo* review only where objections have been properly filed—and not, as here,

when no party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

Having reviewed the R&R, the record, and the applicable law, we find no clear error on the face of the R&R. Accordingly, we hereby **ORDER AND ADJUDGE** as follows:

1. The R&R [ECF No. 48] is **ACCEPTED and ADOPTED** in full.
2. The Plaintiff's Motion for Bill of Costs [ECF No. 46] is **GRANTED** in part. The Plaintiff shall be awarded costs in the amount of $642.75, plus post-judgment interest of 3.91%, for which sum execution shall now issue.

**DONE AND ORDERED** in the Southern District of Florida on April 19, 2023.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record